Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
BRIAN A. PAINO (CA SBN 251243)
CATHERINE T. VINH (CA SBN 269020)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858)750-7600 Facsimile: (619) 590-1385
*Attorney for:* BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TRUST, Movant

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

HOWARD G BARNES, Debtor(s),

CHAPTER: 7

CASE NO.: 8:10-bk-15155-TA

DATE: November 30, 2010
TIME: 10:30 AM
CTRM: 5B

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)
## (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TRUST)[1]
## (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**
   - ☐ **255 East Temple Street, Los Angeles**
   - ☐ **21041 Burbank Boulevard, Woodland Hills**
   - ☐ **3420 Twelfth Street, Riverside**
   - ☒ **411 West Fourth Street, Santa Ana**
   - ☐ **1415 State Street, Santa Barbara**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
   ☐ at the hearing ☐ at least ______ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: November 3, 2010

PITE DUNCAN LLP
*Print Law Firm Name (if applicable)*

CATHERINE T. VINH
*Print Name of Individual Movant or Attorney For Movant*

/s/ CATHERINE T. VINH CA SBN 269020
*Signature of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TRUST)

1. **The Property at issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):
   *Street Address:* 18704 Club Ln
   *Apartment/Suite no.:*
   *City, State, Zip Code:* Huntington Beach, California 92648

   Legal description or document recording number (including county of recording): Orange County; Inst. No. 2006000296927

   ☐ See attached continuation page.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on: 4/21/2010
   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See Attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☒ Movant's interest in the Property is not adequately protected.
         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) ☒ Other (See attached continuation page).

*(Continued on next page)*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

(3) ☐ *(Chapter 12 or 13 cases only)*
(a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.
(b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.
(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:
(1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
(2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** ***(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)***

a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

b. ☐ Other Declaration(s) are also attached in support of this Motion.

c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit ______.

d. ☒ Other evidence *(specify)*: A Brokers Price Opinion is attached as Exhibit 4.

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)***:

1. Relief from the Stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.
2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
3. ☒ Additional provisions requested:
   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
   c. ☒ That Extraordinary Relief be granted as set forth in the Attachment (*Use Optional Court Form F 4001-1M.ER).*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

## (*OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
## (MOVANT: Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR6 Trust)

*(This Attachment is the continuation page for Paragraph 3(c) of the Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   - ☒ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other *(specify)*: This order shall be binding and effective in any other pending case under the Bankruptcy Code purporting to affect the subject real property at the time of the date of entry of this order, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in pending and/or subsequent case may move for relief from the order based upon good cause shown after notice and hearing.



This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

d. ☒ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: November 3, 2010

Respectfully submitted,

BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TRUST
*Movant Name*

By: /s/CATHERINE T. VINH
*Signature*

Name: CATHERINE T. VINH (CA SBN 269020)
*Typed Name of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

## ATTACHMENT 3.a.(2)(d) & 3.d.(1)

☒ On or about May 28, 2010, an unauthorized Quitclaim Deed was executed whereby Cheryl Lynn Bennett, **the Original Borrower**, purported to transfer interest in the Subject Property to Howard John Victor Barnes, **the Debtor Herein**, as a "gift," for no consideration. A copy of the unauthorized Quitclaim Deed is attached hereto as exhibit 5 and incorporated herein by reference.

## ATTACHMENT 3(d)

3. Additional provisions requested:
   b. ☒ That Movant be permitted to offer and provide Debtor(s) with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor(s).

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004

| In re HOWARD G BARNES, Debtor(s). | (SHORT TITLE) | CHAPTER: 7<br>CASE NO.: 8:10-bk-15155-TA |
|---|---|---|

## REAL PROPERTY DECLARATION
## (MOVANT: BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TRUST)

I, Wanda Chapman, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.
   ☐ I manage the Property as the authorized agent for the Movant.
   ☐ I am employed by Movant as (*state title and capacity*):
   ☒ Other *(specify)*: See **ATTACHMENT 1.**

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the real property that is the subject of this Motion is:
   *Street Address:* 18704 Club Ln
   *Apartment/Suite no.:*
   *City, State, Zip Code:* Huntington Beach, California 92648

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit 2.

   ☐ See attached page.

4. Type of property: *(Check all applicable boxes)*

   a. ☐ Debtor's(s') principal residence
   b. ☒ Other single family residence
   c. ☐ Multi-unit residential
   d. ☐ Commercial
   e. ☐ Industrial
   f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

5. Nature of Debtor's(s') interest in the Property:
   a. ☐ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lien holder *(specify)*:
   d. ☒ Other *(specify)*: SEE **ATTACHMENT 5.d.**
   e. ☒ Debtor(s) ☐ did ☒ did not list the Property in the Schedules filed in this case.
   f. ☒ Debtor(s) acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed
   The deed was recorded on:
6. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | | | |
| b. Accrued Interest: | $ | $ | $468,000.00 |
| c. Late Charges | $ | $ | $51,397.08 |
| d. Costs (Attorney's Fees, Other Costs): | $ | $ | $499.20 |
| e. Advances (Property Taxes, Insurance): | $ | $ | $1,601.02 |
| f. Suspense | $ | $ | $4,588.48 |
| g. TOTAL CLAIM as of: 10/18/2010 | $ | $ | $<245.04> |
| | $ | $ | $525,840.74 |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*:
7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)*
   that encumbers the Property.
   a. A copy of the document as recorded is attached as Exhibit 2.
   b. A copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1.
   c. ☒ A copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 3.
8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:
   a. Current interest rate: 6.400%
   b. Contractual maturity date: 5/1/2036
   c. Amount of current monthly payment: $2,896.37
   d. Number of PREPETITION payments that have come due and were not made: 14. Total amount: $40,660.93
   e. Number of POSTPETITION payments that have come due and were not made: 6. Total amount: $17,378.22
   f. Date of POSTPETITION default: 5/1/2010
   g. Last payment received on the following date:
   h. Notice of default recorded on the following date: 4/30/2009
   i. Notice of sale recorded on the following date: N/A
   j. Foreclosure sale originally scheduled for the following date: N/A
   k. Foreclosure sale currently scheduled for the following date: N/A
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*:
   An additional payment of $2,896.37 will come due on November 1, 2010, and on the 1st day of each month thereafter. If the payment is not received within 15 days of the due date, a late charge of $124.80 will be charged to the loan.
9. Attached hereto as Exhibit ____ is a copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

| In re (SHORT TITLE) HOWARD G BARNES, Debtor(s) | CHAPTER: 7<br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

10. ☒ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $430,000.00, established by:
   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit ______.
   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit ______.
   c. ☐ A copy of relevant portion(s) of Debtor's Schedules attached as Exhibit _____.
   d. ☒ Other *(specify)*: A Brokers Price Opinion is attached as Exhibit 4.

11. ☐ The fair market value of the Property is declining based on/due to:________________________

12. ☒ **Calculation of equity in Property**
   a. Based upon ☐ a preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | Movant | Not Listed | $525,840.74 |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $525,840.74**

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit 2, and consists of:
      ☐ Preliminary title report
      ☐ Relevant portions of Debtor's(s') Schedules as filed in this case
      ☒ Other *(specify)*: Movants Deed of Trust

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $<95,840.74> (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $<95,840.74> (§ 362(d)(1)).

   e. Estimated costs of sale: $34,400.00 (Estimate based upon 8% of estimated gross sales price).

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:
   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of this case:
      *(Number of)* ________ payment(s) due at $__________ each = $ ____________________
      *(Number of)* ________ payment(s) due at $__________ each = $ ____________________
      *(Number of)* ________ late charge(s) at $__________ each = $ ____________________
      *(Number of)* ________ late charge(s) at $__________ each = $ ____________________

*(Continued on next page)*

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

c. Postpetition/preconfirmation advances or other charges due but unpaid: $____________
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:** $____________

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation (*if applicable*):
*(Number of)* ________ payment(s) due at $__________ each = $ ____________________
*(Number of)* ________ payment(s) due at $__________ each = $ ____________________
*(Number of)* ________ late charge(s) at $__________ each = $ ____________________
*(Number of)* ________ late charge(s) at $__________ each = $ ____________________

e. Postconfirmation advances or other charges due but unpaid: $____________
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:** $____________

f. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit ______.
g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13).*

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on ________________. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).
16. ☒ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
17. ☒ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:
a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.
b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
1. Case Name:
Case Number: Chapter:
Date Filed: Date Dismissed: Date Discharged:
Relief from stay re this property ☐ was ☐ was not granted.
2. Case Name:
Case Number: Chapter:
Date Filed: Date Dismissed: Date Discharged:
Relief from stay re this property ☐ was ☐ was not granted.
3. ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder and defraud creditors.

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| HOWARD G BARNES. Debtor(s). | CASE NO.: 8:10-bk-15155-TA |

## ATTACHMENT 1., 5.d., 16., and 17.a.

I, Wanda Chapman, declare:

1. I am employed as a Vice President - Bankruptcy Manager by JPMorgan Chase Bank, N.A. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR6 Trust's ("Movant") interest in the real property that is the subject of this Motion.

2. I am employed by JPMorgan Chase Bank, N.A., the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant.

3. I am familiar with the manner and procedures by which JPMorgan Chase Bank, N.A.s business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by JPMorgan Chase Bank, N.A.'s employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to JPMorgan Chase Bank, N.A.'s business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

4. On or about April 25, 2006, Cheryl Bennett ("Borrower"), for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA ("Lender") a Note in the principal sum of $468,000.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing June 1, 2006, and continuing until May 1, 2036, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A copy of the Note is attached hereto as exhibit 1 and incorporated herein by reference.

5. Movant qualifies as the Note Holder and is entitled to payments under the Note.

6. On or about April 25, 2006, the Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 18704 Club Ln, Huntington Beach, California 92648 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on May 3, 2006, in the Official Records of Orange County, State of California. A copy of the Deed of Trust is attached hereto as exhibit 2 and incorporated herein by reference.

7. Subsequently, Lender's beneficial interest in the Deed of Trust was assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached hereto as exhibit 3 and incorporated herein by reference.

8. On or about May 28, 2010, an unauthorized Quitclaim Deed was executed whereby Cheryl Lynn Bennett, **the Original Borrower**, purported to transfer interest in the Subject Property to Howard John Victor Barnes, **the Debtor Herein**, as a "gift," for no consideration. A copy of the unauthorized Quitclaim Deed is attached hereto as exhibit 5 and incorporated herein by reference.

9. As the loan servicer, JPMorgan Chase Bank, N.A. acts as an agent for Movant and is responsible for the administration of the loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the loan includes sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the Note to Movant, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Note or Deed of Trust, JPMorgan Chase Bank, N.A. is authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the Deed of Trust.

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.
    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.
    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.
    c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** 10-28**, 2010, at** Florence, SC.

[signature]

| In re (SHORT TITLE)<br>HOWARD G BARNES, Debtor(s), | CHAPTER: 7<br><br>CASE NO.: 8:10-bk-15155-TA |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 3, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee served pursuant to Local Bankruptcy Rule 2002-2(a) (2)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On November 3, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor Albert
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

Howard G Barnes
6461 Oakcrest Circle
Huntington Beach, CA 92648

Cheryl Bennett
18704 Club Lane
Huntington Beach, CA 92648

Alan L. Armstrong
18652 Florida St., #225
Huntington Beach, CA 92648-6006

Jeffrey I Golden (TR)
P.O. Box 2470
Costa Mesa, CA 92628-2470

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_________________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed..

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 3, 2010 | Anna Dzhabaryan | /s/ ANNA DZHABARYAN |
|---|---|---|
| *Date* | *Type Name* | *Signature* |