1 | GLOBAL CAPITAL LAW, PC
GARY HARRE, CBN# 86938
2 | DIANE BEALL, CBN# 86877
BARRY FAGAN, CBN 160104
3 | 17612 BEACH BLVD. STE 8
HUNTINGTON BEACH, CA 92647
4 | TELEPHONE: (714) 907-4182
FACSIMILE: (714) 907-4182
5 | EMAIL: GLOBALCAPITALLAW@GMAIL.COM

6 | Attorney for Debtor
Howard Barnes

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>Howard J. Barnes, aka Howard Barnes<br>aka Howard John Victor Barnes, debtor<br><br>SSN xxx-xx-9447 | **Case No.  8:10-bk-15155-TA**<br><br>**CHAPTER 7**<br><br>**EX PARTE APPLICATION TO**<br>**REOPENING BANKRUPTCY CASE**<br><br>**HON.:   THEODOR C. ALBERT**<br><br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

COMES NOW Howard Barnes, by and through his counsels, hereby moves this Court to reopen Bankruptcy Case No. 8:10-bk-15155-TA (In Re Howard Barnes) pursuant to 11 U.S.C.A. § 350, Federal Rule of Bankruptcy Procedure 5010 and Local Bankruptcy Rule 5010-1.  This motion is made and based on the attached memorandum of points and authorities, including the attached exhibits, together with all papers and documents already on file in Case No. 8:10-bk-15155-TA, and any further argument this Court may require.

Movant Howard Barnes filed this instance Chapter 7 as individual debtor on April 20, 2010. The Chapter 7 trustee Jeffrey I Golden reported no asset to be distributed and was discharged on or about 07/29/2010. Subsequently, the bankruptcy case was closed and discharged on or about October 13, 2010.

1

2    On Schedule A of the petition, the Movant listed his primary residence located at 6461

3    OakCrest Circle,  Huntington Beach, CA 92648 and creditor holding secured claims of Chase

4    Bank, (hereinafter "Chase").  Post petition, Movant discovered that Chase Bank as secured lien

5    holder was incorrect.  Rather, the true lien holder was HSBC Bank USA, National Association, as

     trustee for JP Morgan Mortgage Trust 2007-A1 (hereinafter "HSBC Bank").

6
     In addition, Movant failed to disclose additional interests in various properties and should

7    have been scheduled.  As an excusable neglect without any intentional to withhold information as

8    part of Chapter 7 estate, Movant wish to amend his chapter 7 schedules to accurately reflect his

9    assets and liabilities. Please see Exhibit #1 which reflects the amended schedule of assets.

10   Furthermore, Movant discovered potential fraud upon the Court by HSBC Bank and wish to

11   proceed with adversary proceeding to determine if fraud was committed on the bankruptcy court.

12   WHEREFORE, Movant respectfully request this Court to reopen this case so that full

13   disclosures to be made by amending appropriate schedules.

14                      MEMORANDUM OF POINTS AND AUTHORITIES

15   Courts have found continuing "related to" jurisdiction even after the debtor emerges from

16   bankruptcy. Bankruptcy jurisdiction may still be obtained if there is sufficient connection to the

17   bankruptcy. However, bankruptcy jurisdiction "must be confined with appropriate limits and does

18   not extend indefinitely" after the closing of a case. Donaldson v. Bernstein, 104 F.3d 547, 553 (3rd

19   Cir. 1997).

20   A primary goal of the Bankruptcy Code, to allow the honest but unfortunate" debtor to

21   obtain a "fresh start" through relief from his debts is accomplished by the discharge. In re Krohn,

22   886 F.2d 123, 125 (6th Cir. 1989) (citing Local Loan Co. v. Hunt, 54 S. Ct. 695, 699 (1934)); see

23   also Meyers v. Internal Revenue Serv. (In re Meyers), 196 F.3d 622, 624 (6th Cir. 1999); In re

24   Castle, 289 B.R. 882, 886 (Bankr. E.D. Tenn. 2003). In a Chapter 7 case, a debtor's assets are

25   liquidated for the benefit of his or her creditors, and in return, the debtor's debts, or a portion

26   thereof, are discharged. Krohn, 886 F.2d at 125. Although entry of a Chapter 7 debtor's discharge

27   does not extinguish the debts, once the discharge has been entered, the debtor is no longer

28

personally liable for any of the discharged debts. <u>Castle</u>, 289 B.R. at 886 (quoting <u>Houston v. Edgeworth</u> (In re Edgeworth), 993 F.2d 51, 53 (5th Cir. 1993)); see also <u>In re Gibson</u>, 172 B.R. 47, 49 (Bankr. W.D. Ark. 1994).

The authority to reopen a closed bankruptcy case is derived from 11 U.S.C.A.§ 350(b), which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b). "[W]hether to reopen bankruptcy cases . . . [is within] the sound discretion of the bankruptcy judge[.]" <u>Rosinski v. Boyd</u> (In re Rosinski), 759 F.2d 539, 540-41 (6th Cir. 1985). Because there are no statutory criteria set forth defining "cause" for reopening a closed case, motions to reopen should be decided on a case by case basis, "consider[ing] the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." <u>In re Kapsin</u>, 265 B.R. 778, 779-80 (Bankr. N.D. Ohio 2001). However, "[t]he Court will not reopen [a] case if doing so would be futile[.]" <u>In re Phillips</u>, 288 B.R. 585, 587 (Bankr. M.D. Ga. 2002); accord <u>Chanute Prod. Credit Assoc. v. Schicke</u> (In re Schicke), 290 B.R. 792, 798 (B.A.P. 10th Cir.2003) ("A bankruptcy court that refuses to reopen a Chapter 7 case that has been closed will not abuse its discretion if it cannot afford the moving party any relief in the reopened case.").

In this case, reopening of the bankruptcy case is necessary to afford debtor with necessary relief relating to HSBC Bank's status as a secured creditor. Post discharge of Bankruptcy proceeding, Debtor discovered evidences contradicting the information HSBC presented to this Court under penalty of perjury as secured creditor. This action implicates the integrity of the bankruptcy process, as HSBC Bank fraudulently asserted its status as secured creditor. In this regard it has been held that "misconduct during the bankruptcy proceeding" often compels the court to allow the fraud to be redressed. *See* In re Emmer Bros. Co., 52 B.R. 385, 394-95 (D.Minn.1985). Furthermore, it has been held that if there is a sufficient nexus, a bankruptcy court can exercise subject matter jurisdiction over a related state law matter by reopening a closed bankruptcy case. *See* In re Burch, 88 B.R. 686, 690 (Bkrtcy.E.D.Pa. 1988).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   For the above reasons, Movant Howard Barnes respectfully requests this Court to reopen
the Bankruptcy Case No. **8:10-bk-15155-TA**. So debtor can amend his schedule to redress
misconduct and fraud by HSBC Bank.

   DATED this 20th day of January, 2011.

                                        Respectfully Submitted;


                                        Gary Harre Esq.
                                        Diane Beall Esq.
                                        Barry S. Fagan Esq.

                                        Attorneys for Movant, Howard Barnes

EX PARTE MOTION FOR REOPENING BANKRUPTCY CASE

Official Form 6A (12/07)

In Re: _____ Barnes, Howard J _____    Case No. _____ 8:10-bk-1515-TA _____
                        **Debtor**                                                (if known)

# AMENDED
## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community".  If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on this schedule. List them in **Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Primary Residence<br>6461 Oakcrest Cir<br>Huntington Beach, CA  92648 | | C | 1000000.00 | 775000.00 |
| Condo<br>10461 Rio Grande Crt<br>Fountain Valley, CA  92708 | Joint tenant | | 0 | 450000.00 |
| Condo<br>18704 Club Ln<br>Huntington Beach, CA  92648 | Joint tenant | | 0 | 425000.00 |
| Condo<br>9863 Cornwall Ave<br>Huntington Beach CA  92646 | Joint tenant | | 0 | 450000.00 |

Exhibit 1
Ex Parte Motion for Reopening Bankruptcy Case

**Official Form 6A (12/07)**

In Re: _____ Barnes, Howard J _____     Case No. _____ 8:10-bk-1515-TA _____
                        **Debtor**                                      (if known)

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Condo<br>4146 E Mendez No 125<br>Long Beach, CA  90815 | Joint tenant | | 0 | 385000.00 |
| | | Total | $1,000,000.00 | |

Exhibit 1
Ex Parte Motion for Reopening Bankruptcy Case

Official Form 6D (12/07)

In Re:            Barnes, Howard J                     Case No.        8:10-bk-1515-TA
                    **Debtor**                                         (if known)

## AMENDED
## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| Account Number: 0150 | | | 10/2006 | | | | 5000.00 | 0 |
| Orange County Credit Union PO BOX 11777 Santa Ana, CA  92711 | | | Auto 2007 Honda Accord | | | | | |
| | | | VALUE $        9000.00 | | | | | |
| Account Number: 5333 | | | 12/2005 | | | | 775000.00 | 0 |
| Chase Home Loans PO BOX 78420 Phoenix, AZ  85062 | | | 1st Mortgage 6461 Oakcrest Cir Huntington Beach CA  92648 | | | | | |
| | | | VALUE $      1000000.00 | | | | | |
| Account Number: | | | 01/2007 | | | | 215000.00 | 0 |
| First Horizon Home Loan PO BOX 2351 Memphis, TN  38101 | | | 1st Mortgage 6461 Oakcrest Cir Huntington Beach CA  92648 | | | | | |
| | | | VALUE $      1000000.00 | | | | | |

| | | |
|---|---|---|
| Subtotal (Total of this page) | $995,000.00 | $0.00 |
| Total (Use only on last page) | $995,000.00 | |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

__0__  continuation sheets attached

Exhibit 1
Ex Parte Motion for Reopening Bankruptcy Case

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GLOBAL CAPITAL LAW, PC<br>GARY HARRE, CBN# 86938<br>DIANE BEALL, CBN# 86877<br>BARRY FAGAN, CBN 160104<br>17612 BEACH BLVD. STE 8<br>HUNTINGTON BEACH, CA 92647<br>TELEPHONE: (714) 907-4182<br>FACSIMILE: (714) 907-4182<br>EMAIL: GLOBALCAPITALLAW@GMAIL.COM<br><br>☑ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - Santa Ana _____ DIVISION

| | |
|---|---|
| In re:<br><br>Howard J. Barnes, aka Howard Barnes<br>aka Howard John Victor Barnes<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:10-bk-15155-TA<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**<br><br><br>[No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST. PLEASE TAKE NOTICE THAT:

1. Movant(s) Howard J. Barnes _____, has filed a motion entitled Ex Parte Application To Reopening Bankruptcy Case

2. Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3. The motion is based upon the legal and factual grounds set forth in the Motion and briefly described in the attached Description of Relief Sought. (*Check appropriate box below*):

   ☑ The full motion is attached hereto; or
   ☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion. The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus an

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*      Page 1      **F 9013-1.2.NOTICE.NO.HEARING**

additional 3 days unless the notice of motion was served by personal delivery or posting as described in F.R.Civ.P.
5(b)(2)(A)-(B).  If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to
oppose the motion and may grant the motion without further hearing and notice.

Dated: 1/20/11 _____

Respectfully submitted,

By: _____
Signature of Movant or Attorney for Movant

Name:  Barry Fagan, Attorney for Movant _____
Type Name of Movant or Attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                          Page 2          F 9013-1.2.NOTICE.NO.HEARING

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17612 Beach Blvd. Ste 8
Huntington Beach, CA 92647

A true and correct copy of the foregoing document described as **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/22/11_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

Jeffrey I Golden (TR)    ljones@wgllp.com, jgolden@ecf.epiqsystems.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 1/22/11_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Orange County Credit Union<br>PO BOX 11777<br>Santa Ana, CA  92711 | Judge Theodor C. Alpert<br>SANTA ANA DIVISION<br>U.S. Bankruptcy Court, Ronald Reagan Fed Bldg<br>411 W. Fourth Street<br>Santa Ana, CA92701-4593 | Chase Home Loans<br>PO BOX 78420<br>Phoenix, AZ  85062 | First Horizon Home Loan<br>PO BOX 2351<br>Memphis, TN  38101 |
|---|---|---|---|

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____,I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/22/11 | Carolyn J Olson | *Carolyn J Olson* |
|---|---|---|
| Date. | Type Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                     Page 3                 **F 9013-1.2.NOTICE.NO.HEARING**